### No. 1741.—John T. Norris v. J. K. Collins, Executor.

A dative testamentary executor who has filed his final account and obtained his discharge, can not afterward represent the estate in any suit or controversy between the legatees about the rents and revenues of the estate while under his administration.

APPEAL from the Second District Court, parish of Orleans. _Duvigneaud_, J. _D. C. Labatt_, for plaintiff and appellant. _Hornor & Benedict_, for defendant and appellee.

HOWELL, J. Pending the publication of the final account filed by the defendant Collins as dative testamentary executor of John Jerrison, the three particular legatees presented themselves to be recognized as such and put in possession of the property bequeathed to them and suggested that they were entitled to the rents and revenues thereof from the death of the testator, and submitted the same to the court. They were recognized and put in possession, "reserving their rights, if any they have, to the fruits and revenues of said real estate."

On the next day the account which disposed of the rents to the universal legatee, was homologated. Some months afterward the executor obtained his discharge, and two or three months still later this proceeding was taken by one of said particular legatees against him as executor and as agent of two other particular legatees to recover one-third of the said rents, fixed at $600. Collins pleaded his discharge and his want of authority to represent the succession or the special legatees.

From a judgment sustaining this plea the plaintiff has appealed. He was a party to the mortuary proceedings, and can not treat the two judgments homologating the final account and discharging the dative executor as nullities.

The record shows that the executor settled with the universal legatee for the rents, and the recourse of plaintiff is not against Collins in his fiduciary capacity under the circumstances.

Judgment affirmed.